UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>                      Plaintiff,          )<br>                                                          )<br>vs.                                                   )<br>                                                          )<br>PATRICK JOHNSON,                     )<br>                                                          )<br>                      Defendant.        )<br>_____ ) | 2:06-cr-013-RLH-RJJ<br><br>**REPORT & RECOMMENDATION<br>OF UNITED STATES<br>MAGISTRATE JUDGE**<br>(Defendant's Motion to Suppress Evidence<br>on Validity of Search Warrant (#36)) |

This matter was referred to the undersigned Magistrate Judge on Defendant, Patrick Johnson's Motion to Suppress Evidence on Validity of Search Warrant (#36). The Court has considered the Motion (#36), the Supplemental Briefing (#39), the Government's Response (#40), the Defendant's Reply (#41), and the Government's Response to New Issue Raised in Defendant's Reply (#42).

**BACKGROUND**

The defendant has moved this Court to suppress evidence based on the alleged invalidity of a search warrant. More specifically, the defendant requests a <u>Franks</u> hearing to determine whether the affidavit of ATF Agent, David D. Gaucher, contains intentional, reckless or misleading omissions and whether or not the affidavit can support a finding of probable cause without the omissions.

The defendant was indicted on a One Count Criminal Indictment (#1) charging Possession with Intent to Distribute a Controlled Substance, in violation of

1   18 U.S.C. § 841(a)(1)(b)(1)(A)(iii).  The charge is the result of a search conducted at the

2   residence of the defendant pursuant to a federal search warrant.  The affidavit (Affidavit attached

3   to the Motion (#36) as Exhibit A) supporting the search warrant was signed by Special Agent

4   David Gaucher of the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF). The affidavit

5   contains information obtained through an anonymous paid confidential informant (CI).  A search

6   of the defendant's residence revealed drugs and drug paraphernalia which are the basis of the

7   current charge against the defendant.

## DISCUSSION

8   

9   **I. Search Warrant**

10          A.  Oath or Affirmation

11      In the present case, the defendant was provided an unsigned copy of the affidavit as part

12  of discovery.  However, the original affidavit that was filed under seal was in fact signed by

13  Agent Gaucher and by the Magistrate Judge.  Therefore, the contention that the affidavit was not

14  supported by a sworn affidavit is without merit.

15          B.  Federal Rule of Civil Procedure 41

16      Federal Rule of Civil Procedure 41(f)(1) provides that "the warrant must enter on its face

17  the exact date and time it is executed." Fed. R. Civ. P. 41(f)(2).  In the present case, the search

18  warrant return indicates on the face of the warrant the exact date and time the warrant was

19  executed, as well as a completed inventory page.  Therefore, the contention that the search

20  warrant violates Fed. R. Civ. P. 41 is also without merit.

21  **II. Affidavit**

22          A.  Fourth Amendment

23      The Supreme Court has stated that if a "defendant makes a substantial preliminary

24  showing that a false statement knowingly and intentionally, or with reckless disregard for the

25  truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is

26  necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held

27  at the defendant's request." Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  When a

28  confidential informant is utilized and the informant's tip is the source of information, "the

1  affidavit must recite 'some of the underlying circumstances from which the informant concluded'
2  that relevant evidence might be discovered, and 'some of the underlying circumstances from
3  which the officer concluded that the informant, whose identity need not be disclosed, . . . was
4  'credible' or his information 'reliable.'" 438 U.S. at 165 (quoting <u>Nathanson v. U.S.</u>, 290 U.S.
5  41, 47 (1933)). The Supreme Court emphasized that "allowing an evidentiary hearing, after a
6  suitable preliminary proffer of material falsity, would not diminish the importance and solemnity
7  of the warrant-issuing process." 438 U.S. at 169. Therefore, not only must the defendant
8  "submit 'allegations of deliberate falsehood or of reckless disregard for the truth . . .
9  accompanied by an offer of proof[,]'" but the "defendant must show that the omitted information
10 is material. A 'substantial showing as to both elements is required.'" <u>U.S. v. Prince</u>, 101 Fed.
11 Appx. 210 (9th Cir. 2004) (quoting <u>U.S. v. Chavez-Miranda</u>, 306 F.3d 973, 979 (9th Cir. 2002)
12 (quoting <u>Franks v. Delaware</u>, 438 U.S. 154, 171 (1978)). "If, after considering the evidence
13 presented at a <u>Franks</u> hearing, the district court concludes by a preponderance of the evidence
14 that the affidavit contains 'intentional or reckless false statements,' or 'material omissions,' 'then
15 the district court must suppress the evidence obtained pursuant to the warrant.'" <u>U.S. v. Avery</u>,
16 295 F.3d 1158, 1166 (10th Cir. 2002) (citations omitted). On the other hand, if "the district court
17 concludes that the omitted information would not have altered the magistrate judge's decision to
18 authorize the search, then the fruits of the challenged search need not be suppressed." <u>Id.</u> (citing
19 <u>U.S. v. McKissick</u>, 204 F.3d 1282, 1297-98 (10th Cir. 2000); <u>U.S. v. Kennedy</u>, 131 F.3d 1371,
20 1376 (10th Cir. 1997)).
21        B.  Material Omission
22        The first requirement for obtaining a hearing is that the defendant must make a substantial
23 showing of a reckless disregard for the truth accompanied by an offer of proof. Second, the
24 defendant must show that the omission is material. In the present case, the defendant is alleging
25 intentional, reckless, or misleading omissions rather than false statements. The defendant is
26 alleging that the confidential informant's background, identity, criminal history, or other
27 information that would be helpful to ascertain the veracity of the informant's statements should
28 have been disclosed to the U.S. Magistrate Judge issuing the warrant. "If an informant's history

1   of criminal acts involving dishonesty renders his/her statements unworthy of belief, probable
2   cause must be analyzed without those statements. . . . When a defendant challenges the validity
3   of a warrant by questioning the reliability of a confidential informant, the proper procedure . . . is
4   for the trial court to conduct an ex parte, in camera hearing to determine whether the defendant
5   "has made a 'threshold substantial showing of falsehood." U.S. v. Reeves, 210 F.3d 1041, 1044
6   (9th Cir. 2000) (citing U.S. v. Hall, 113 F.3d 157, 159 (9th Cir. 1997); and quoting U.S. v. Kiser,
7   716 F.2d 1268, 1270-71 (9th Cir. 1983) (quoting U.S. v. Moore, 522 F.2d 1068, 1073 (9th Cir.
8   1975)).  However, "'[w]hen there is sufficient independent corroboration of an informant's
9   information, there is no need to establish the veracity of the informant." U.S. v. Danhauer, 229
10  F.3d 1002, 1006 (10th Cir. 2000).  "In the absence of countervailing evidence to bolster the
11  informant's credibility or the reliability of the tip, the informant's criminal past involving
12  dishonesty is fatal to the reliability of the informant's information, and his/her testimony cannot
13  support probable cause." Reeves, 210 F.3d at 1045.
14       In this case it is important to establish whether or not there was independent
15  corroboration of the informant's information to determine whether or not the omission of
16  evidence regarding the informant's veracity is material.  "[A] tip from an anonymous or
17  confidential informant that narcotics are being distributed at a particular location may be
18  corroborated through the arrangement of a controlled purchase at the suspect location." U.S. v.
19  Nelson, 450 F.3d 1201, 1214 (10th Cir. 2006).  When the informant is purchasing narcotics from
20  a residence, corroboration exists when the agent "watch[es] the informant enter the suspect
21  residence, disappear while inside the suspect residence, and emerge from the suspect residence;
22  search the informant upon exiting the suspect residence; and receive the narcotics from the
23  informant." Id. (quoting U.S. v. Artez, 389 F.3d 1106, 1111-1012 (10th Cir. 2004).  The court in
24  Nelson determined that

25  > [g]iven the level of independent corroboration provided by the police surveillance of
26  > the confidential informant's controlled buys in this case, the addition of negative
    > information about the confidential informant's credibility or veracity would not
27  > change the outcome because it does nothing to defeat a showing of probable cause.
    > Consequently, no valid purpose is served by holding a Franks hearing to delve into
    > such negative information about the informant's background. . . .
28

Id.

In this case the CI provided a tip that trafficking in crack cocaine was occurring out of an apartment where the informant had purchased narcotics on previous occasions. Subsequent to the tip, controlled buys occurred at the suspect location. On December 21, 2005, the confidential informant arranged to purchase crack from the defendant. During the controlled buy, Detective Gaucher witnessed an individual emerge from an apartment located where the CI had indicated that trafficking of crack cocaine was occurring. Further, the detective recognized the individual that emerged based upon a criminal database query of the resident of the apartment. The CI purchased .41 grams of crack cocaine from the defendant using previously photocopied ATF funds. The CI was followed, without losing sight of him, until he turned over the suspected narcotics to Agent Contreras. Agent Gaucher witnessed an ODV presumptive test on the suspected narcotics. The test results were positive for crack cocaine. On December 28, 2005, a second controlled buy occurred at the residence of the defendant. During this buy, the agent witnessed the CI enter the residence of the defendant. Following the alleged transaction, Agent Contreras followed the CI without losing sight of him until he turned over the suspected narcotics to Agent Gaucher. The substance tested positive for crack cocaine in an ODV presumptive test. Here, it is clear that the agents involved in this case independently corroborated the information provided by the CI. Since the veracity of the CI is not material, the defendant is not entitled to a Franks hearing.

C. Veracity of Informant

"'If the informant has provided accurate information on past occasions, he may be presumed trustworthy on subsequent occasions. *When the information provided in the past involved the same type of criminal activity as the current information, the inference of trustworthiness is even stronger.*'" Reeves, 210 F.3d at 1045 (quoting U.S. v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir. 1986) (emphasis in Reeves).

In the present case, the confidential informant had provided information to the Las Vegas Metropolitan Police Department approximately 12 to 15 times within the past six months. Affidavit attached to the Motion (#36) at ¶6. Numerous arrests had been made for possession of

- 5 -

1   narcotics in connection with the use of the confidential informant and the information he/she
2   provided.  The Detective who had previously obtained information from the informant described
3   him/her as reliable.  Since the informant had provided accurate information on past occasions
4   related to the possession of narcotics, there is a strong inference of trustworthiness.  Further, the
5   Agents involved in this case established that the CI was trustworthy based upon the results of the
6   controlled buys at the residence where alleged narcotics trafficking was occurring.

7   Information regarding the informant's criminal history and background would not be
8   material to the Magistrate Judge's finding of probable cause.  The CI has been reliable in the
9   past, and more importantly was reliable in this particular case during all of the events leading up
10  to the warrant.  Regardless of whether this particular informant has a criminal history, the CI has
11  been proven reliable on many occasions dealing with tips about narcotics trafficking.  Therefore,
12  even if this CI has a checkered past, the magistrate judge would have determined the CI
13  trustworthy and credible.

14  D.  Probable Cause

15  Even if the defendant would have made a substantial showing that the omission of the
16  CI's background was pertinent, the omission would not be material.  If a Franks hearing was held
17  in this case and the defendant established that the CI was not trustworthy and the magistrate
18  judge  would not have relied upon his/her statement, there is still probable cause on the face of
19  the affidavit.  Therefore, the omission is not material even if the CI is untrustworthy.

20  The defendant argues that there was not probable cause without the CI's statement that he
21  witnessed the defendant remove a much larger "ball" of crack cocaine from his jacket.  However,
22  in this case, there was probable cause that the defendant was trafficking narcotics out of his
23  apartment based on the witnessed transactions that occurred near the defendant's apartment and
24  within the apartment.  Therefore, the statement made by the informant was not material.

25  In this case it is unclear whether or not the informant even has a criminal history.  Since
26  the omission is not material, it is unnecessary to hold a hearing to determine this irrelevant
27  information.  However, it is important to note that the Ninth Circuit has emphasized that,
28

> [a]lthough we recognize the importance of maintaining the confidentiality of police informants, we do not approve of the practice of excluding altogether an informant's relevant criminal history from an affidavit used to support a search warrant request, when lesser measures will suffice. . . . In many cases, such as this one, a CRI with some criminal background involving dishonesty may nonetheless be considered reliable enough to support probable cause based on the existence of other facts supporting his/her credibility or other extrinsic evidence supporting the reliability of the tip. Nonetheless, courts should have access to all available relevant information to aid them in their determination of probable cause.

Reeves, 210 F.3d at 1046 (citation omitted). Therefore, it is clear that the Ninth Circuit does not approve of an informant's criminal history being completely excluded from an affidavit. However, in this case, the tip was corroborated by independent evidence. The informant was proven reliable in reporting the trafficking of narcotics, and even without the informant's statement there was other evidence in the warrant that established probable cause. The defendant has not met his burden of establishing a substantial preliminary showing that the alleged omitted information is material.

## **RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion to Suppress Evidence on Validity of Search Warrant (#36) be **DENIED**.

IT IS FURTHER RECOMMENDED that the Request for Evidentiary Hearing also be **DENIED**.

## **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before February 2, 2007**. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d

1 | 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

2 | DATED this 23dday of January, 2007.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge