UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:06-cr-13-RLH-RJJ |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion to Vacate–#98) |
| PATRICK JOHNSON, | ) | |
| Defendant. | ) | |

Before the Court is Defendant Patrick Johnson's **Motion to Vacate Under 28 U.S.C. § 2255** (#98), filed October 12, 2010. The Court has also considered the United States of America's (the "Government") Opposition (#101), filed January 20, 2011, and Johnson's Reply (#106), filed March 3, 2011.

**BACKGROUND**

Defendant Patrick Johnson was indicted on a One Count Criminal Indictment (#1) charging him with Possession with Intent to Distribute a Controlled Substance in violation of 18 U.S.C. § 841(a)(1)(b)(1)(A)(iii). The indictment resulted from a search conducted at Johnson's residence pursuant to a federal search warrant. The search of Johnson's residence revealed illegal drugs and drug paraphernalia. The affidavit supporting the search warrant was signed by Special

1  Agent David Gaucher of the Bureau of Alcohol, Tobacco, Firearms & Explosives and contains
2  information obtained through an anonymous paid confidential informant ("CI"). Johnson
3  ultimately entered into a plea agreement and the Court sentenced him to a term of 188 months.
4  This sentence was later upheld by the United States Court of Appeals for the Ninth Circuit. On
5  October 12, 2010, Johnson filed this habeas corpus petition pursuant to 28 U.S.C. § 2255, asking
6  the Court to vacate his sentence on several constitutional bases. For the reasons discussed below,
7  the Court denies Johnson's motion.

## DISCUSSION

### I.  Standard of Review

A prisoner in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). When considering a § 2255 motion, the district court shall hold a hearing unless the files and records of the case conclusively show that the prisoner is not entitled to relief. *Id.* at § 2255(b).

### II.  Fourth Amendment

The Fourth Amendment to the United States Constitution requires that a warrant particularly describe the place to be searched and the persons or things to be seized. This particularity requirement "safeguards the right to be free from unbounded, general searches. Thus, to pass constitutional muster, a warrant 'must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized.'" *United States v. McGrew*, 122 F.3d 847, 849 (9th Cir. 1997) (quoting *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986)) (citations omitted).

#### A.  Particularity Requirement

In this case, the search warrant itself did not include a description of the place to be searched or the things to be seized, but it incorporated two attachments which included those

AO 72
(Rev. 8/82)

descriptions with sufficient particularity. Johnson claims that the federal officers who searched his home violated the Fourth Amendment's particularity requirement by failing to provide him with a copy of the attachments. However, Johnson provides insufficient evidence to support this allegation. In addition, even assuming the Government failed to provide Johnson with the attachments, suppression of the evidence obtained in the search would still not be warranted because Johnson was in no way prejudiced by the search. *United States v. Gantt*, 194 F.3d 987, 994 (9th Cir. 1999) (holding that suppression is only necessary if there was deliberate disregard of the defendant's rights or if the defendant was prejudiced). Accordingly, the Court denies Johnson's motion.

      **B.**    *Franks* **Hearing**

The Supreme Court has stated that if a "defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Johnson claims that he is entitled to a *Franks* hearing because the Government filed several different copies of the affidavit, all of which had different dates. However, the record in this case shows that the affidavit was properly signed and sworn. The fact that Johnson obtained an unsigned version during discovery does not undermine the affidavit's validity.

Johnson also claims that he is entitled to a *Franks* hearing because the search warrant was not supported by probable cause. Specifically, he claims that the warrant lacks probable cause because the CI incorrectly stated the exact location of the drugs at the property searched. He also alleges that because the money used by the CI to buy drugs from Johnson was never recovered from Johnson's possession there is insufficient proof that Johnson sold drugs to the CI. Both of these allegations lack merit. The record shows both that the CI was trustworthy and that the Government's probable cause was based not only on the information obtained from

the CI, but on information the Government obtained through its own independent investigation of Johnson. Therefore, the Court denies Johnson's motion with respect to his Fourth Amendment claims.

### III.    Due Process

Johnson argues that the government violated his Fifth and Sixth Amendment Due Process rights by violating Rule 6(c) of the Federal Rules of Criminal Procedure. Rule 6(c) provides authority for a court to appoint a juror as a foreperson and requires the foreperson to sign all indictments. Johnson alleges that the foreperson did not sign the indictment. However, because the foreperson of the grand jury did sign the indictment, Johnson's claim is without merit. Therefore, the Court denies Johnson's motion with respect to his Fifth and Sixth Amendment claims.

### IV.    18 U.S.C. § 3553(a) Sentencing Factors

Johnson alleges that the Court abused its discretion when sentencing him because it failed to consider his mental illness as required under § 3553(a). However, contrary to Johnson's assertion, the record reflects that the Court did consider his mental illness during sentencing and imposed a sentence accordingly. Therefore, the Court denies Johnson's motion with respect to this argument.

### V.    Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must "show that counsel's advice fell below an objective standard of reasonableness, . . . and that there is a reasonable probability that, but for counsel's unprofessional errors, [Defendant] would have prevailed on appeal." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

Johnson claims that he received ineffective assistance of counsel when his attorney failed to argue that the warrant lacked particularity in the motion to suppress and instead raised that argument in the reply. This argument fails because, as discussed above, this "particularity"

AO 72
(Rev. 8/82)

argument lacks merit. Therefore, counsel's conduct did not fall below an objective standard. Furthermore, counsel's conduct did not prejudice Johnson because the "particularity" arguments were considered, and rejected, in the reply. Johnson also claims that he received ineffective assistance of counsel when his attorney failed to assert his Fourth Amendment arguments on appeal. Again, this claim fails because there is not a reasonable probability that Johnson's arguments would have prevailed on appeal. Accordingly, the court denies Johnson's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Johnson's Motion to Vacate under 28 U.S.C. § 2255 (#98) is DENIED.

Dated: March 9, 2011

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)